■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD HILBERT, Appellant.— Application pursuant to section 722-b of the County Law to fix the fee and disbursements of the attorney assigned by this court to represent defendant upon appeal from judgment of conviction granted; and fee fixed at $192.50 and disbursements in the sum of $37.50 allowed. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUBERT C. JORDAN, Appellant.— Motion to dismiss purported appeal from decision denying motion for resentence granted. No appeal lies from a decision. An order denying motion on resentence is not appealable. (Code Crim. Pro., § 517.) Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ JOHN B. BELOTT, Respondent-Appellant, v. STATE OF NEW YORK, Respondent.— Motion to require appellant-respondent to file a supplemental appendix denied, without costs (see CPLR 5528, subd. [b]). The Clerk is directed to schedule the appeal for argument at the term to commence May 16, 1966. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ In the Matter of the Claim of DOROTHY KLOSNER, Respondent, v. SPERBER SALES, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Application for an appointment of an attorney and counselor at law to represent claimant-respondent on an appeal from a decision of the Appeal Board granted; and Donald L. Slater, Esq., Savings Bank Building, Cortland, assigned for that purpose (Labor Law, § 538). Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ EDWARD A. FACCIOLI, Appellant, v. STATE OF NEW YORK, Respondent. — Motion to strike appeal from calendar denied, without costs. (*Quinones* v. *State of New York*, 22 A D 2d 848.) Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL R. QUARNO, JR., Petitioner, v. DANIEL E. DAMON, as Superintendent of Elmira Reformatory, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of CPLR and as otherwise insufficient on its face. (See *People ex rel. Rankin* v. *Ruthazer*, 304 N. Y. 302.) Judgment signed and entered.— Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.